UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SIMMONS, ) | 1:11-cv-01069-JLT HC |
| ) | |
| Petitioner, ) | ORDER DISMISSING SUCCESSIVE |
| ) | PETITION FOR WRIT OF HABEAS |
| v. ) | CORPUS PURSUANT TO 28 U.S.C. § |
| ) | 2244(b) |
| ) | |
| R. LOPEZ, Warden, ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGEMENT AND CLOSE |
| Respondent. ) | FILE |
| ) | |
| | ORDER DECLINING TO ISSUE A |
| | CERTIFICATE OF APPEALABILITY |
| | |
| | ORDER DENYING MOTION FOR |
| | EVIDENTIARY HEARING AS MOOT (Doc. 3) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes on July 13, 2011. (Doc. 6).

In the petition, Petitioner challenges his 1995 conviction in Fresno County Superior Court for first degree murder with special circumstances (Cal. Pen. Code § 187), attempted murder (Cal. Pen. Code §§ 664, 187), and attempted robbery (Cal. Pen. Code §§ 664, 211). (Doc. 1, p. 1). Petitioner was sentenced, inter alia, to a prison term of life without the possibility of parole for the first degree murder conviction and life with the possibility of parole for the attempted murder conviction. (Doc.

1, p. 1).

A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction.[1] In case no. 1:99-cv-06338-OWW-SMS HC, the petition, which was litigated over a period of six years, raised no less than eighteen separate grounds for relief, and was denied on the merits and judgment entered against Petitioner on May 5, 2005. The Court's records indicate that, on review, the United States Court of Appeals for the Ninth Circuit denied issuance of a certificate of appealability and dismissed the appeal on April 20, 2007.

In the latest petition, Petitioner raises six additional claims relating to his 1995 conviction: (1) violation of Petitioner's constitutional rights because the purportedly coerced confession of a co-defendant was used to convict Petitioner; (2) insufficient evidence was presented to support Petitioner's conviction for murder with special circumstances, attempted murder, and attempted robbery; (3) Petitioner's conviction under the felony murder rule violates his right to due process; (4) Petitioner was denied his Sixth Amendment right to the effective assistance of counsel where trial counsel permitted the prosecution to unlawfully reopen its case, offer a plea bargain to co-defendant Nichols, and then elicit incriminating testimony from him; (5) Petitioner's due process rights were violated when the prosecution knowingly introduced false evidence of the bullet extracted from the decedent's brain; and (6) the restitution fine imposed at sentencing is illegal. (Doc. 1, pp. 5-14).

Because the instant petition is a second or successive petition, because the new claims do not rest on any new constitutional right, because the factual bases of these new claims were previously discoverable, and because Petitioner has not obtained the permission of the United States Court of Appeals for the Ninth Circuit prior to filing the instant petition, this Court must dismiss the petition.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

---

[1] The Court takes judicial notice of the docket in case no. 1:99-cv-06338-OWW-SMS HC. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal.1978), aff'd, 645 F.2d 699, (9th Cir.) (Judicial notice may be taken of court records).

constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997).

From even a cursory review of the claims in the instant petition, it is patently clear that none of those claims rests on a "new, retroactive constitutional right."  Nor does Petitioner claim that any new, retroactive constitutional right applies.  Moreover, from Petitioner's description of the facts underlying his claims, it is also quite clear that the factual bases of these claims were either known to Petitioner at the time of trial or were discoverable by Petitioner in the exercise of due diligence. Indeed, the exhibits Petitioner has attached to the petition all date from a time before or during the trial: (1) Exhibit A is a letter dated March 29, 1995; (2) Exhibits B, G1, and H are excerpts of the Reporter's Transcript on appeal; (3) Exhibits E and E1 are excerpts of the Clerk's Transcript on appeal; (4) Exhibit C is a Fresno lab report dated December 19, 1994; (5) Exhibit D is a lab report dated February 21, 1995; (6) Exhibit F1 is a police report dated September 15, 1994; (7) Exhibit G is

the autopsy report for the deceased dated September 15, 1994; and (8) Exhibit I is a warrant dated September 16, 1994.  All of these facts cited by Petitioner and all of the documents attached as exhibits to this petition were either known to Petitioner or were discoverable through due diligence at or during the time of trial.  Hence, all of these claims could have been presented in Petitioner's direct state appeal and in his first federal habeas petition filed in this Court.  Accordingly, all of the instant claims are governed by 28 U.S.C. § 2244(b)(2)(A)-(B), and are subject to its bar against second and successive petitions.

Moreover, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his 1995 Fresno County conviction.  That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254, and therefore the Court must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244 (b)(3).

Furthermore, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention
>       complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (*quoting* <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

Finally, in light of the foregoing, Petitioner's motion for an evidentiary hearing is denied as moot.

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED for lack of subject-matter jurisdiction; and,
2. The Clerk of the Court is DIRECTED to enter judgment and close the file.
3. The Court DECLINES to issue a certificate of appealability.
4. Petitioner's motion for evidentiary hearing (Doc. 3), is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **July 28, 2011**                                                                   **/s/ Jennifer L. Thurston**
                                                                                                    UNITED STATES MAGISTRATE JUDGE